IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DARYL DEWAYNE RIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-085 |
| ) | |
| FNU BAILEY, Nurse; S EMMONS, ) | |
| Warden; JAMES MICHAEL SEWARD, ) | |
| M.D.; FNU STEVENSON, Nurse; FNU ) | |
| WALKER, Nurse; FNU HALL, Nurse; ) | |
| and FNU STRICKLAND, Counselor,[1] ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests to proceed IFP be **DENIED** (doc. nos. 2, 6), Plaintiff's motion to continue and motion for an extension of time to complete discovery be **DENIED AS MOOT** (doc. nos. 4, 5), and this action be **DISMISSED** without prejudice

---

[1] The Court **DIRECTS** the Clerk to update the Defendants on the docket to reflect the those named in his amended complaint. (See doc. no. 7.)

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

**II.    DISCUSSION**

    **A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Riggins v. Harris, No. 3:10-CV-0039 (N.D. Ga. July 7, 2010) (dismissing action as frivolous); (2) Riggins v. Debbie, No. 3:06-CV-0097 (N.D. Ga. Nov. 2, 2006) (dismissing action as frivolous); (3) Riggins v. Turner, No. 01-12186 (11th Cir. Nov. 9,

2001) (dismissing as frivolous appeal in Riggins v. Turner, No. 3:99-CV-0106-JTC (N.D. Ga. Dec. 28, 2000)). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     Plaintiff Does Not Qualify for the "Imminent Danger" Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff simply alleges inadequate medical care at Johnson State Prison due to (1) exposure to penicillin in 2013; (2) failure by Dr. Seward to prescribe Neurontin a month before he filed the complaint which allegedly causes numbness in his right leg, dizziness, and headaches; and (3) failure by prison staff to respond to alleged stroke symptoms by Plaintiff a month before the filing of the complaint. (Doc. no. 7, pp. 1-4.) Plaintiff alleges no ongoing danger from the administration of penicillin two years ago and does not allege that he actually suffered a stroke. (See id.) Plaintiff does allege that he continues to suffer numbness in his right side, difficulty ambulating with his walker, and very painful headaches but does not attribute these symptoms to any particular ongoing disease or health issue. (Id. at 2.) Plaintiff simply complains that he has not been given Neurontin four times daily for some unspecified condition. (Id.)

Plaintiff's vague allegations of deprivation of medical care cannot form the basis for being in imminent danger of serious physical injury. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (finding Plaintiff's vague allegations of deprivation of unidentified heart medication as insufficient). Plaintiff does not state that he is actually deprived of medical care,

3

only that he is deprived of a certain type of medication that he believes he is entitled to. Accordingly, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests to proceed IFP be **DENIED** (doc. nos. 2, 6), Plaintiff's motion to continue and motion for an extension of time to complete discovery be **DENIED AS MOOT** (doc. nos. 4, 5), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 4th day of December, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA